IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| **vs.** | § § § § | **CASE NO. 6:16-CR-00034-JDK** |
| **MARCUS CLARK (1)** | § § § | |

### REPORT AND RECOMMENDATION
### ON REVOCATION OF SUPERVISED RELEASE

On October 11, 2023, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Alan Jackson. Defendant was represented by Zachary Davis.

*Background*

After pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute Methamphetamine, a Class C felony, Defendant Marcus Clark was sentenced on February 8, 2017 by United States District Judge Ron Clark. The offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of IV, was imprisonment for 70 to 87 months. Pursuant to a binding plea agreement, Defendant was sentenced to imprisonment for 66 months, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse aftercare, a prohibition for contact with minors, a prohibition for viewing sexually explicit material, and a $100 special assessment.

1

Defendant completed his term of imprisonment and started his term of supervised release on September 3, 2021. The case was re-assigned to United States District Judge Jeremy D. Kernodle on June 15, 2021.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on June 21, 2022, United States Probation Officer Alan Elmore alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition #1): The defendant must not commit another federal, state, or local crime.** It is alleged that Defendant was arrested by the Tyler Police Department on June 14, 2022 for the following offenses: (1) manufacture or delivery of a controlled substance in penalty group 1-B >= 4 grams < 200 grams (methamphetamine); (2) manufacture or delivery of a controlled substance in penalty group 1-B >= 1 gram < 4 grams (heroin); and (3) unlawful possession of a firearm by a felon.

2. **Allegation 2 (mandatory condition #2): The defendant must not unlawfully possess a controlled substance.** It is alleged that the June 14, 2022 arrest shows that Defendant was in possession of a controlled substance; specifically, methamphetamine and heroin.

3. **Allegation 3 (standard condition #8): The defendant must not communicate or interact with someone he knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, he must not knowingly communicate or interact with that person without first getting the permission of the probation officer.** It is alleged that Defendant was the passenger in a vehicle driven by an individual currently on federal supervision with both were arrested on June 14, 2022 by the Tyler Police Department. The defendant did not have permission from the probation officer to have contact with this individual.

4. **Allegation 4 (standard condition #10): The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).** It is alleged that Defendant was in possession of a firearm when he was arrested on June 14, 2022. Specifically, it is alleged that he had a loaded Taurus 9mm handgun with an additional six bullets in the magazine.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Manufacture or Delivery of a Controlled Substance in Penalty Group 1-B >= 4 grams < 200 grams (methamphetamine) or Manufacture or Delivery of a Controlled Substance in Penalty Group 1-B >= 1 gram < 4 grams (heroin) as alleged in the petition, he is guilty of a Grade A violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was IV. The guidelines provide that Defendant's guideline imprisonment range for a Grade A violation is 24 to 30 months, capped by the statutory maximum of 2 years. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing methamphetamine and heroin or by committing the offense of Unlawful Possession of a Firearm by a Felon, as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. §

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

7B1.1(a). With Defendant's original criminal history category of IV, the guidelines provide a guideline imprisonment range of 12 to 18 months for a Grade B violation. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by associating with a known convicted felon without permission or possessing a firearm and ammunition, as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of IV, the guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 6 to 12 months.

### *Hearing*

On October 11, 2023, Defendant appeared for a final revocation hearing. Assistant United States Attorney Alan Jackson announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 1 of the petition and to jointly request a sentence of imprisonment for a term of 12 months and 1 day for this revocation, to run consecutive to the sentence imposed in Criminal Action No. 6:22-cr-155-JDK-KNM, with no further term of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 1 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Seagoville.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 1 of the petition is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 12 months and 1 day, to run consecutive to the sentence imposed in Criminal Action No. 6:22-cr-155-JDK-KNM, with no

4

further term of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 1 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 12 months and 1 day, to run consecutive to the term of imprisonment imposed in Criminal Action No. 6:22-cr-155-JDK-KNM, with no further term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Seagoville.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 12 months and 1 day, to run consecutive to the sentence imposed in Criminal Action No. 6:22-cr-155-JDK-KNM, with no further term of supervised release.

So ORDERED and SIGNED this 11th day of October, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE